IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-43 |
| vs. | |
| ROBYN RENEA HAMILTON, DAVID CODINA-RAMIREZ, MIKE SCOTT ROSELIUS, DOLORES MARIA TORRES, JULIO CESAR PONCE-YBARRA, JAMIE ANN UTTERBACH-VALENZUELA, and FRANCISCO JAVIER AVILA-NUNEZ, | TRIAL ORDER |
| Defendants. | |

    This matter is before the Court on the motions to continue trial filed by defendants Mike Scott Roselius (filing 436), Julio Cesar Ponce-Ybarra (filing 430), and Francisco Javier Avila-Nunez (filing 429). A teleconference was held before the Court on this date, at which the government and counsel for all the above-captioned defendants appeared. Defendants Robyn Renea Hamilton, David Codina-Ramirez, Dolores Maria Torres, and Jamie Ann Utterbach-Valenzuela, through counsel, joined in asking the Court to continue trial (filing 437). The Court will grant those motions and establish the following trial schedule.

    IT IS ORDERED:

1.   The parties' motions to continue (filings 429, 430, 436, and 437) are granted.

2.   Based upon the showing set forth in the defendants' motions and the representation of counsel, the Court further finds that the ends of justice will be served by continuing the trial, and that the purposes served by continuing the trial date in this case outweigh the interests of the remaining defendants and the public in a speedy trial. Accordingly, the additional time arising as a result of the granting of

the motions, the time between today's date, and November 18, 2014, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because despite counsel's due diligence, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. §§ 3161(h)(1), (h)(6) & (h)(7).

3. This case, as to the above-captioned defendants, is set for a jury trial before the undersigned judge in Courtroom 1 (Special Proceedings), Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, commencing at 9:15 a.m. on <u>Tuesday, November 18, 2014</u>, or as soon thereafter as the case may be called, for a duration of 7 (seven) trial days.

4. A pretrial teleconference is scheduled to be held before the undersigned judge at 1:30 p.m. on <u>Friday, November 14, 2014</u>. An email will be sent to counsel of record with instructions for participating in the pretrial conference.

5. The filing, briefing, and hearing of pretrial motions, including *ex parte* motions and applications, shall be governed by NECrimR 12.1 to 12.6. Motions shall be filed on or before <u>Wednesday, November 12, 2014</u>. Counsel must immediately notify the Court of any pretrial motion requiring an evidentiary hearing outside the presence of the jury.

6. Counsel shall inform the Court that a defendant has elected to change his or her plea within 5 days before trial or as soon as practicable.

7. The plaintiff shall file and serve on opposing counsel <u>on or before Wednesday, November 12, 2014</u>, as appropriate, all proposed jury instructions, trial briefs, suggested verdict forms, and witness lists. In particular, the plaintiff's witness list shall include the full name and address of each witness whom the party may call to testify at trial.

8. The defendants are also encouraged to provide the Court, on or before <u>Wednesday, November 12, 2014</u>, proposed jury instructions and a trial brief. Any materials so submitted shall not be disclosed to the plaintiff unless the defendants specify otherwise.

9. Exhibits must be listed before trial on exhibit forms available from the Clerk's office or on the Court's external web page at

http://www.ned.uscourts.gov/forms. The exhibits should be numbered as provided by NECrimR 12.7.

10. The courtroom deputy will take custody of the exhibits after they are received by the Court.

11. Parties shall deliver to the Court, on or before <u>Wednesday, November 12, 2014</u>, trial copies of all exhibits in a three-ring binder organized for use by dividers or tabs. Exhibits provided by the defendants shall not be disclosed to the plaintiff unless the defendants specify otherwise.

12. If a party will use a deposition at trial, the proponent must supply the Court with a copy of the deposition. If less than the whole deposition will be used, the copy must highlight the portions to be introduced. The proponent must also supply the Court with a list or index identifying by page and line the portions to be introduced. If a party objects to the introduction of deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location by page and line.

13. If a party intends to use testimony in a videotaped deposition and the opponent objects to any portion of it, the proponent must supply the Court with a transcript of the testimony from the deposition. The transcript must highlight the portions of the testimony to be introduced. The proponent must also supply the Court with a list or index identifying by page and line in the transcript the portions to be introduced. If a party objects to the introduction of videotaped deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location in the transcript by page and line.

14. At 9:15 a.m. on the first day of trial, the Court will meet with counsel and clients, on the record in the courtroom. This will be an opportunity to dispose of any motions and last minute matters, prior to trial. Voir dire will commence immediately thereafter.

15. Each subsequent day of trial will begin at 8:45 a.m. unless the Court directs otherwise.

16. Questioning of witnesses will be limited to direct examination, cross-examination, and redirect examination unless the Court allows further examination.

17. The Court will conduct an initial voir dire of the prospective panel. Counsel will be permitted to conduct follow-up voir dire in areas not covered by the Court's examination or in an area which may justify further examination in view of a prospective juror's response during the Court's voir dire.

18. Witnesses who do not appear to testify when scheduled will be considered withdrawn. The trial will then proceed with the presentation of any remaining evidence.

19. A list of the equipment available in the courtroom, and a virtual tour of the courtroom, is available at on the Court's external web page at http://www.ned.uscourts.gov/attorney/courtroom-technology.

20. Counsel shall notify the courtroom deputy on or before <u>Friday, November 7, 2014</u>, if the services of an interpreter will be required for a hearing or trial.

Dated this 12th day of August, 2014.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge