IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:13-CR-43 |
| vs. | | |
| ROBYN RENEA HAMILTON, DAVID CODINA-RAMIREZ, MIKE SCOTT ROSELIUS, DOLORES MARIA TORRES, JULIO CESAR PONCE-YBARRA, JAMIE ANN UTTERBACH-VALENZUELA, FRANCISCO JAVIER AVILA-NUNEZ, FRANCISCO JAVIER MENDOZA-ADAME, and YVETTE GISELLA AVILA-MARTINEZ, | | TRIAL ORDER |
| Defendants. | | |

This matter is before the Court on the motion to continue trial filed by the government (filing 488), the opposition to that motion lodged by counsel for defendants Hamilton and Mendoza-Adame, and oral motions to sever also made by defendants Hamilton and Mendoza-Adame. For the following reasons, the Court will grant the government's motion, deny the defendants' motions, and establish a final trial schedule.

The government's motion represents that Mendoza-Adame, added to this case in the 6th Superseding Indictment filed on September 17, 2014, is in the process of being transported from California and has not yet made an initial appearance in Nebraska. The Court is cognizant of the "strong presumption" for a joint trial of properly-joined defendants. *See United States v. Jenkins-Watts, 574 F.3d 950, 967 (8th Cir. 2009)*. The Court is also faced with a scheduling conflict between this case and another case, United States v. Thomas Whitlow, case no. 4:14-cr-3015, and the speedy trial clock for that case is close to expiration. The defendant in that case is in custody awaiting trial, while Hamilton—the only defendant in this case who is set for trial on November 18 and who objects to the continuance—is out on pretrial release.[1]

---

[1] The remaining defendants, set for trial on November 18, either took no position on the government's motion or expressly declined to object.

As a general matter, the Court is endowed "with great discretion to make decisions concerning trial schedules," *see United States v. Taylor*, 487 U.S. 326, 344 (1988), but one of the few express limitations on that discretion is Congress' command that the trial of "a detained person who is being held in detention solely because he is awaiting trial . . . shall be accorded priority." 18 U.S.C. § 3164(a)(1). And, of course, the Court's discretion is also confined by the Speedy Trial Act. *Taylor*, 487 U.S. at 343-44. And the Speedy Trial Act permits a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

Hamilton opposes the continuance and has moved to sever her case, asserting her desire to go to trial. But because she is not in custody, other cases in which a defendant is in custody must be given priority. § 3164(a)(1). And the defendant is charged with conspiracy, which means the presumption for a joint trial is particularly significant because it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a just outcome. *United States v. Henley*, 766 F.3d 893, 915 (8th Cir. 2014). The only prejudice identified by the defendant is the delay in trying her case, and there is no indication it will impair her defense. While the defendant may be unsatisfied with waiting, the Court finds that she has not been prejudiced to the extent necessary to overcome the presumption of a joint trial. *Cf. Jenkins-Watts*, 574 F.3d at 966-67. The Court will deny her motion to sever.

Mendoza-Adame also opposes the continuance. But Mendoza-Adame is not set to be tried on November 18, and the Court is aware of no authority for a defendant to complain about someone else's trial being continued. There is no legitimate way in which Mendoza-Adame could be prejudiced by the continuance. Mendoza-Adame also moved to sever, based solely on his belief that his trial might at some point be delayed too. That contention carries little weight from a defendant who still hasn't made an initial appearance; he cannot show prejudice based on what might happen. The Court will deny his motion to sever.

Instead, the Court will grant the government's motion to continue and establish the following trial schedule.

IT IS ORDERED:

1.   The government's motion to continue trial (filing 488) is granted.

2.   Defendant Hamilton's oral motion to sever is denied.

3.   Defendant Mendoza-Adame's oral motion to sever is denied.

4.   Based upon the showing set forth in the motion and the representation of counsel, the Court further finds that the ends of justice will be served by continuing the trial, and that the purposes served by continuing the trial date in this case outweigh the interests of the remaining defendants and the public in a speedy trial. The ends of justice are served by trying these defendants jointly. Accordingly, the additional time arising as a result of the granting of the motion—the time between today's date and March 10, 2015—shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because despite counsel's due diligence, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. §§ 3161(h)(1), (h)(6), & (h)(7).

5.   This case, as to all of the above-captioned defendants, is set for a jury trial before the undersigned judge in Courtroom 1 (Special Proceedings), Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, commencing at 9:15 a.m. on Tuesday, March 10, 2015, or as soon thereafter as the case may be called, for a duration of 7 (seven) trial days.[2]

6.   A pretrial conference is scheduled to be held before the undersigned judge at 3:00 p.m. on Monday, March 9, 2015 in chambers, Courtroom 1 (Special Proceedings), Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

7.   The filing, briefing, and hearing of pretrial motions, including *ex parte* motions and applications, shall be governed by NECrimR 12.1 to 12.6. Motions shall be filed on or before Wednesday, March 4, 2015. Counsel must immediately notify the Court of any pretrial motion requiring an evidentiary hearing outside the presence of the jury.

8.   Counsel shall inform the Court that a defendant has elected to change his or her plea within 5 days before trial or as soon as practicable.

9.   The plaintiff shall file and serve on opposing counsel on or before Wednesday, March 4, 2015, as appropriate, all proposed jury instructions, trial briefs, suggested verdict forms, and witness lists. In particular, the plaintiff's witness list shall include the full name and address of each witness whom the party may call to testify at trial.

---

[2] The Court notes that it would have preferred a much earlier trial date, but this was the soonest that the various defendants' counsel were each available.

10.    The defendants are also encouraged to provide the Court, on or before Wednesday, March 4, 2015, proposed jury instructions and a trial brief. Any materials so submitted shall not be disclosed to the plaintiff unless the defendants specify otherwise.

11.    Exhibits must be listed before trial on exhibit forms available from the Clerk's office or on the Court's external web page at http://www.ned.uscourts.gov/forms. The exhibits should be numbered as provided by NECrimR 12.7.

12.    The courtroom deputy will take custody of the exhibits after they are received by the Court.

13.    Parties shall deliver to the Court, on or before Wednesday, March 4, 2015, trial copies of all exhibits in a three-ring binder organized for use by dividers or tabs. Exhibits provided by the defendants shall not be disclosed to the plaintiff unless the defendants specify otherwise.

14.    If a party will use a deposition at trial, the proponent must supply the Court with a copy of the deposition. If less than the whole deposition will be used, the copy must highlight the portions to be introduced. The proponent must also supply the Court with a list or index identifying by page and line the portions to be introduced. If a party objects to the introduction of deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location by page and line.

15.    If a party intends to use testimony in a videotaped deposition and the opponent objects to any portion of it, the proponent must supply the Court with a transcript of the testimony from the deposition. The transcript must highlight the portions of the testimony to be introduced. The proponent must also supply the Court with a list or index identifying by page and line in the transcript the portions to be introduced. If a party objects to the introduction of videotaped deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location in the transcript by page and line.

16.    At 9:15 a.m. on the first day of trial, the Court will meet with counsel and clients, on the record in the courtroom. This will be an opportunity to dispose of any motions and last minute matters, prior to trial. Voir dire will commence immediately thereafter.

17.    Each subsequent day of trial will begin at 8:45 a.m. unless the Court directs otherwise.

18.    Questioning of witnesses will be limited to direct examination, cross-examination, and redirect examination unless the Court allows further examination.

19.    The Court will conduct an initial voir dire of the prospective panel. Counsel will be permitted to conduct follow-up voir dire in areas not covered by the Court's examination or in an area which may justify further examination in view of a prospective juror's response during the Court's voir dire.

20.    Witnesses who do not appear to testify when scheduled will be considered withdrawn. The trial will then proceed with the presentation of any remaining evidence.

21.    A list of the equipment available in the courtroom, and a virtual tour of the courtroom, is available at on the Court's external web page at http://www.ned.uscourts.gov/attorney/courtroom-technology.

22.    Counsel shall notify the courtroom deputy on or before <u>Friday, February 27, 2015</u>, if the services of an interpreter will be required for a hearing or trial.

Dated this 5th day of November, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge