IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCISCO JAVIER AVILA-NUNEZ,<br><br>Defendant. | 8:13-CR-43<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. Both the government (filing 645) and the defendant (filing 646) have objected to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. Both parties have objected to the presentence report based on its inconsistency with the plea agreement: specifically, they object to the drug quantity calculation and the application of a three-level adjustment for the defendant's aggravating role in the offense. Filings 645 and 646. Pursuant to U.S.S.G. § 3B1.1(a), a defendant's offense level is increased by four levels if the defendant was an organizer or leader of a criminal activity that involved five or more people or was otherwise extensive. If the defendant was a manager or supervisor (but not an organizer or leader) of such criminal activity, a three-level increase should be applied. § 3B1.1(b). And if the defendant was an organizer, leader, manager, or supervisor of any less extensive criminal activity, a two-level increase should be applied. § 3B1.1(c).

    The government's objection asserts that "the evidence to establish the defendant as a leader/organizer is no longer available." Filing 645 at 1. The defendant, for his part, objects that any language regarding the defendant "being a leader or organizer" was removed from the plea agreement. Filing 646 at 1. But the presentence report does not say that the defendant was a leader or organizer, which would require a four-level increase: it says that the defendant "was a manager or supervisor (but not an organizer or leader) . . . therefore, three levels are added." So, the parties' objections are somewhat imprecise. Nonetheless, the Court takes their meaning. The Court will rule on both the drug quantity and the defendant's role in the offense at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are

      required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 13th day of May, 2015.

                    BY THE COURT:

                    John M. Gerrard
                    United States District Judge