IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-43 |
| vs. | ORDER |
| FRANCISCO JAVIER AVILA-NUNEZ, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 859. The defendant's motion will be denied.

The defendant requests compassionate release based on his age and health conditions, and his concern about COVID-19 in his correctional facility. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] The Court notes that § 1B1.13 was premised on a previous version of § 3582(c)(1)(A), which permitted a sentence reduction *only* upon motion of the Director of the Bureau of Prisons. *See* § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Pursuant to § 1B1.13, "extraordinary and compelling reasons" may be found when:

> The defendant is—
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.*, cmt. n.1(A)(ii).

But the Court must deny the defendant's motion, for two reasons. First, as mentioned above, the Court may consider a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). And the defendant doesn't allege he presented his request to the Bureau of Prisons, so he hasn't exhausted his administrative remedies.

---

Accordingly, it is questionable whether § 1B1.13 remains "applicable" to the current version of the statute within the meaning of § 3582(c)(1)(A)(ii). *See United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *3-5 (S.D. Tex. June 17, 2019). Nonetheless, the Court finds the criteria set forth in § 1B1.13 to be helpful and persuasive in evaluating the defendant's condition, and will apply them to the extent they remain relevant under the First Step Act.

Beyond that, at this point, the defendant's argument for compassionate release falls short. While he alleges that he is 55 years old, obese, and has high blood pressure, those factors alone do not substantially diminish his ability to provide self-care in the prison environment. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 859) is denied.

Dated this 20th day of April, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge